# EXHIBIT D

# Guaranty of Master Commercial Motor Vehicle Security Agreement

DATE  01/21/2016

**GUARANTOR:**
(1) JACOBO ENRIQUEZ MALDONADO   12400 Rojas Dr Trlr 177   El Paso, TX  79928-5218  PHONE 915-346-8503

**LENDER/LESSOR:**
HITACHI CAPITAL AMERICA CORP., 800 CONNECTICUT AVENUE, NORWALK, CT 06854 PHONE: 800-810-0952   FAX: 203-956-3100

"I" and "me" means each person or entity who signs this Guaranty of Master Commercial Motor Vehicle Security Agreement (this "Guaranty") as a Guarantor. If more than one person or entity signs as Guarantor, each of them agrees to keep all promises of the Guarantor in this Agreement, even if the others do not.  "You" means the Lender/Secured Party identified above, Hitachi Capital America Corp., a Delaware corporation, and shall include any assignee of Hitachi Capital America Corp. who is the holder of this Guaranty.

This Guaranty relates to and covers the obligations of the following person or entity:

| | |
|---|---|
| NAME: | IAMS TRANSPORTATION, INC. |
| ADDRESS | 12400 Rojas Dr Trlr 177 |
| CITY | El Paso  STATE  TX |
| ZIP | 79928-5218 |
| PHONE | 915-346-8503 |

(the "Borrower")

1.      In order to induce you to enter into the Master Commercial Motor Vehicle Security Agreement dated 01/21/2016 (the "Agreement") with Borrower, and to extend credit and advance funds to enable Borrower to purchase the Collateral described therein and in the Schedules thereto (which Schedules are hereinafter included in the defined term "Agreement"), and in consideration thereof, I, as primary obligor, hereby irrevocably and unconditionally jointly and severally GUARANTEES to you that the Borrower will fully and promptly pay and perform all of its present and future obligations to you, whether direct or indirect, joint or several, absolute or contingent, secured or unsecured, and whether originally contracted with you or otherwise acquired by you (the "Obligations"), together with interest thereon, if any, irrespective of any invalidity or unenforceability of any such obligation or the insufficiency, invalidity or unenforceability of any security therefor, whether now existing or hereafter incurred.
I also agree: (1) to pay on demand all sums and charges of any kind and character whatsoever due and to become due to you from the Borrower and all losses, costs, expenses and damages (including reasonable attorneys' fees) which may be suffered by you by reason of the Borrower's default under the Agreement or my default hereunder without you first having to proceed against the Borrower or any other person, including me or any other guarantor, or to liquidate any security therefor; and (2) to be bound by and on demand to pay any deficiency established by a sale of any security held with or without notice to me.

2.      I consent to all the terms, covenants and conditions of the Agreement, and to any and all action which may be taken under or in respect thereof, without notice to or consent by me.  This Guaranty is an absolute and unconditional guaranty of payment and performance, and not of collection, and I waive any right to require that any action be brought against Borrower or any other person, including me, or to liquidate any security for any of the Obligations.  I shall not be released or discharged, in whole or in part, by your failure or delay to perfect or continue the perfection of any security interest in any property which secures the Obligations, or to protect the property covered by such security interest.  My obligations under this Guaranty shall remain in full force and effect until all Obligations have been paid in full and all losses, costs, expenses and damages (including reasonable attorneys' fees) referred to in Paragraph 1 above shall have been paid in full.

3.      I hereby represent and warrant that: (a) I have the power and authority to enter into and perform this Guaranty; (b) neither this Guaranty, the execution, delivery and performance hereof, the performance of the agreements herein contained, nor the consummation of the transactions herein contemplated will violate any statute, ordinance, regulation, court order or decree or any order or decree of any other governmental authority or agency, or any other agreement to which I am a party or subject; and (c) this Guaranty constitutes my valid and binding obligation and is enforceable against me in accordance with its terms.

4.      I waive: (a) notice of acceptance of this Guaranty; (b) presentment, demand, protest, notice of protest, and notice of nonpayment or dishonor of any of the Obligations or any note or other document, instrument or agreement, signed, accepted, endorsed or assigned to you by Borrower, and any other demands and notices to which I may be entitled; (c) any and all rights of subrogation, reimbursement, indemnity, exoneration, contribution or any other claim which I may now or hereafter have against the Borrower or any other person directly or contingently liable for the Obligations guaranteed hereunder, or with respect to the Borrower's property (including, without limitation, property collateralizing the Borrower's Obligations to you), arising from the existence or performance of this Guaranty; (d) all exemptions and homestead laws; (e) all setoffs, offsets, counterclaims or recoupments whatsoever which may otherwise be available to Borrower or me; (f) any and all defenses based on suretyship or any other applicable law or facts, including without limitation all rights and defenses arising out of or relating to (i) an election of remedies by you even though that election of remedies may have impaired or destroyed rights of subrogation and reimbursement against the Borrower by operation of law or otherwise, (ii) protections afforded the Borrower pursuant to anti-deficiency or similar laws limiting or discharging the Borrower's Obligations to you, (iii) the invalidity or unenforceability of this Guaranty, (iv) the failure to notify any Guarantor of the disposition of any property securing the Obligations of the Borrower, (v) the requirement, if any, that any party or assignee marshall assets, (vi) the commercial reasonableness of such disposition or the impairment, however caused, of the value of such property, and (vii) any duty on your part (should such duty exist) to disclose to me any matter, fact or thing related to the business operations or condition (financial or otherwise) of the Borrower or its affiliates or property, whether now or hereafter known by you.

5.      You may at any time and from time to time, without notice to me or my consent, and without affecting or impairing my obligations under this Guaranty, do any of the following:
   a)   renew, extend, modify, release or discharge any Obligations of the Borrower or me or any other guarantor (whether hereunder or under a separate instrument) or of any other party at any time directly or contingently liable for the payment or performance of any of the Obligations.

b) accept partial payment or performance of the Obligations;

c) accept new or additional documents, instruments or agreements relating to or in substitution of the Agreement or the Obligations;

d) settle, release (by operation of law or otherwise), compound, compromise, collect or liquidate any of the Obligations, or any security for the Obligations, in any manner;

e) consent to the transfer or return of any security, and take hold of security or additional security or guarantees for the Obligations;

f) amend, exchange, release or waive any security or guaranty; or

g) bid and purchase at any sale of security and apply any proceeds or security, and direct the manner and order of sale.

6. If a claim is made upon you at any time for repayment or recovery of any amount(s) paid to or otherwise received by you, from any source, in payment of or on account of any of the Obligations of Borrower guaranteed hereunder, and you repay or otherwise become liable for all or any part of such claim, whether by reason of any judgment, decree or order of any court or administrative body having competent jurisdiction or any settlement or compromise thereof, I shall remain jointly and severally liable to you for the amount so repaid or for which you are otherwise liable to the same extent as if such amount(s) had never been received by you, notwithstanding any termination of this Guaranty or the expiration or termination of the Agreement or any other document, instrument or agreement evidencing any of the Obligations of Borrower.

7. All references to Borrower herein shall be deemed to include its successors and assigns. All covenants and agreements herein contained shall bind me and my heirs, personal or legal representatives, successors and assigns and shall inure to the benefit of you and the benefit of your successors and assigns. I hereby waive notice of any such assignment. If any part of this Guaranty is not valid, all other parts stay valid. No waiver by you of any of your rights under the Agreement and this Guaranty and no action by you to enforce any of your rights and remedies under the Agreement or this Guaranty (which rights and remedies are cumulative) or failure or delay in taking any such action shall affect or offset my actions or obligations under this Guaranty. FEDERAL LAW AND CONNECTICUT LAW APPLY TO THIS AGREEMENT. I agree that the negotiation and acceptance of this Guaranty has taken place in the State of Connecticut. We consent and agree that all actions or proceedings arising out of, relating to or pertaining to this Guaranty shall be tried and litigated only in the state and federal courts located in the State of Connecticut provided, however, that any suit seeking enforcement against any property securing the Obligations may be brought, at your option, in the courts of any jurisdiction where such property may be found or otherwise having competent jurisdiction over such property. I hereby waive any right I may have to assert lack of in personam jurisdiction, the doctrine of forum non-conveniens or to object to venue (or to seek to transfer venue) to the extent any action or proceeding is brought in accordance with this provision. No term or provision of this Guaranty may be waived, altered, modified or amended except in writing duly signed by you.

8. **Arbitration; Alternative Dispute Resolution and Waiver of Jury Trial.** Nothing herein contained shall preclude you from commencing any action in any court having jurisdiction thereof with respect to any matter arising out of, relating to or pertaining to this Guaranty. However, at your sole option, any controversy, claim or dispute arising out of, relating to or pertaining to this Guaranty or the interpretation, breach, enforcement or subject matter thereof, that cannot be settled by mutual agreement of the parties may at your sole option: (i) be submitted to arbitration by one arbitrator (unless you determine to have multiple arbitrators) in Norwalk, Connecticut, or such other location in the State of Connecticut chosen by you, conducted by the American Arbitration Association, in accordance with its Commercial Arbitration Rules then in effect or conducted by any other recognized arbitration association or entity in accordance with similar rules ("Arbitration"), or (ii) shall be determined through any alternative dispute resolution ("ADR") procedure provided for under the Laws of the State of Connecticut or in my state of incorporation or place of residence, with governing law and ADR procedure to be selected by you. Judgment upon any arbitration award or ADR determination may be entered in any court of any state or county or application may be made to such court through judicial acceptance of the award or determination and on order of enforcement, as the law of the jurisdiction may require or allow. The arbitration award or ADR determination shall be final and no appeal shall be taken by either party. The costs of any such arbitration or ADR shall be borne equally by the us, unless the arbitrator(s) or ADR decision-maker deems such division of costs to be inequitable, in which event the arbitrator(s) or ADR decision-maker may allocate the costs of arbitration or ADR among us as he or she deems just and equitable under the circumstances. **WE BOTH HEREBY WAIVE TRIAL BY JURY IN ANY ACTION, PROCEEDING OR COUNTERCLAIM BROUGHT BY OR AGAINST EITHER OF US, OR IN RESPECT OF, ANY MATTER ARISING OUT OF, RELATING TO OR PERTAINING TO THIS GUARANTY OR THE INTERPRETATION, BREACH, ENFORCEMENT OR SUBJECT MATTER HEREOF, THE RELATIONSHIP BETWEEN US AND/OR ANY CLAIM OF INJURY OR DAMAGE FROM ANY OTHER RELATIONSHIP BETWEEN US.**

10. Any notice or consent required or permitted to be given by or on behalf of any party hereto to any other party shall be in writing and delivered personally, sent by nationally recognized overnight delivery service that regularly obtains a signature upon delivery, or mailed by certified mail, return receipt requested and postage prepaid, addressed to the parties as set forth herein, or at such other address as may be specified from time to time by notice in writing pursuant hereto.

11. This Guaranty (along with any attachments or other agreement referenced in this Guaranty) contains the entire agreement between you and me relating to the subject transactions.

IN WITNESS WHEREOF, I have duly executed this Guaranty as of the date first written above.

WITNESS:

Signature _____

Name (Print) _____

INDIVIDUAL GUARANTOR

Signature _____

JACOBO ENRIQUEZ MALDONADO
(Name of individual)

12400 Rojas Dr Trlr 177
Address

El Paso, TX 79928-5218
City _____ State _____ Zip _____

Social Security Number _____